Charles B. Hendricks
State Bar No. 09451050
CAVAZOS, HENDRICKS & POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
(214) 748-8171
(214) 748-6750 Fax
Attorneys for James W. Cunningham, Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § § § ERNEST EDWARD WELLS, § § DEBTOR. § § § | Case No. 04-81887-RCM-7 Hearing date: November 29, 2005 Hearing time: 9:30 A.M. |

## MOTION TO APPROVE
## COMPROMISE & SETTLEMENT AGREEMENT

TO THE HONORABLE ROBERT C. McGUIRE, U.S. BANKRUPTCY JUDGE:

NOW COMES JAMES W. CUNNINGHAM (the "Trustee") and files this Motion to Approve Compromise and Settlement Agreement (the "Motion") with Ernest Edward Wells d/b/a Encore Construction, Inc. d/b/a Encore Construction (the "Debtor") and The Cadle Company ("Cadle") (hereinafter collectively the "Parties") and would respectfully show the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C § 1334. This is a core proceeding under 28 U.S.C. § 157. This Motion is filed pursuant to Federal Rules of Bankruptcy Procedure 9019.

### STATEMENT OF FACTS

MOTION TO APPROVE COMPROMISE & SETTLEMENT AGREEMENT - Page 1

2. Debtor filed his Voluntary Petition for relief under Chapter 7, Title 11 of the United States Bankruptcy Code on November 1, 2004 Cadle filed a claim for amounts in excess of $400,000.00 and holds the largest claim scheduled by the Debtors. Cadle is an Ohio corporation and a creditor of Debtor Ernest Edward Wells.

3. The Trustee was originally appointed as the Chapter 7 Trustee and is currently the duly qualified and acting Trustee in this case.

4. Cadle filed its Original Complaint Objecting to Debtor's Discharge on or about January 31, 2005. Cadle seeks denial of the Debtor's discharge pursuant to Bankruptcy Code Sections 727(a)(2), (a)(2)(A), (a)(3), (a)(4)(A), (a)(4)(D) and (a)(5)( the "Adversary Proceeding"). There is additionally litigation existing between Debtor and Cadle that is pending as Cause No. 04-1069 in the United States District Court, Western District of Oklahoma (hereinafter the "Oklahoma Foreclosure Proceeding"). In this respect, Cadle obtained an Order, entered by this Court on February 18, 2005, lifting the stay for purposes of continuation of the Oklahoma Foreclosure Proceeding.

5. The Trustee filed its Complaint for Injunction, Accounting and Damages in Adversary No. 05-031114 (the "Trustee's Adversary Proceeding") seeking an accounting from Debtor, Jim Gaston ("Gaston") and Ryders River Ridge Farm, Inc., and injunctive relief relating to the horses alleged to be property of the bankruptcy estate. Debtor has filed an Answer.

## OVERVIEW OF THE SETTLEMENT

6. The terms of the Compromise and Settlement Agreement (the "Settlement Agreement") are hereinafter set forth. The Settlement Agreement has been reached between Cadle, the Trustee and the Debtor whereby an independent third party will pay the sum of $155,000 to Robert K. Frisch in his capacity as escrow agent for the settlement, and upon

approval of this motion by this Court, such monies will be released to Cadle. Additionally, Cadle will receive a conveyance of the property situated at 8305 Northwest 114th Street, Oklahoma City, Oklahoma (the "Property") which is the subject of the Oklahoma Foreclosure Proceeding, or in the alternative, the Property will be sold by the Debtor and Cadle will receive the proceeds of the sale at closing. Debtor will not sell the Property for less than $130,000 without the written approval of Cadle. The Court previously lifted the stay for purposes of proceeding with the foreclosure in Oklahoma, and the Trustee has abandoned any interest of the bankruptcy estate in the Property. Moreover, the Court previously lifted the bankruptcy stay for purposes of Cadle's proceeding with the Oklahoma Foreclosure Proceeding. Accordingly, any proceeds from the sale of the Property would not constitute funds of the bankruptcy estate.

8. The Trustee will disburse funds to Cadle as an unsecured creditor, from the bankruptcy estate upon approval of his final report. Cadle is the owner of a Judgment against Debtor in CV-2004-3734 entered in the District Court of Oklahoma County, State of Oklahoma (the "Judgment") and an accompanying judgment lien (the "Judgment Lien"). Notwithstanding any other language of this agreement, the debt represented by the Judgment and Judgment Lien will not be discharged in this proceeding. However, Cadle will provide Debtor with a release of the Judgment and Judgment Lien upon full performance of Debtor's obligations under the Settlement Agreement. Additionally, Cadle will amend its Proof of Claim to reflect all payments and credits received under this Settlement Agreement.

9. On May 11, 2005, the Bankruptcy Court entered an Order (the "May 11th Order") Approving Sale for purposes of authorizing the sale to Cadle of horses (the "Horses") belonging to the estate, for the sum of $60,000 cash. Pursuant to the May 11th Order, the Horses were sold and Cadle Company paid the Trustee $60,000 which is in the Trustee's possession.

**MOTION TO APPROVE COMPROMISE & SETTLEMENT AGREEMENT - Page 3**

10. The Trustee will assign to Cadle the Final Judgment in Adversary No. 05-03110 against Jim Gaston for a credit of $5,000.00 which will be applied to reduce Cadle's claim in this estate by that amount.

11. The parties agree that upon approval of this Compromise and Settlement Agreement by the Court, the Section 727 and Section 523 objections will be satisfied and Wells is entitled to receive his discharge, save and except for the Judgment and Judgment Lien.

12. Upon approval of this "Motion" by the court and receipt of all payments to Cadle—other than the Trustee's final distribution—Debtor and Cadle will file a Motion to Dismiss the Adversary Proceeding.

13. The complete terms and conditions of the Settlement Compromise Agreement are set forth in the Agreement attached hereto as Exhibit A.

## STANDARDS GOVERNING APPROVAL OF SETTLEMENT

14. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.

15. The decision to approve a compromise or settlement lies within the discretion of the Bankruptcy Court. *River City v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Connecticut General Life Ins. Co. v. United Companies Financial Corp. (In re Foster Mortgage Corporation)*, 68 F.3d 914, 917 (5th Cir. 1995). In deciding whether to approve a settlement, bankruptcy courts are to apply the following criteria: (1) probability of success in litigation with due consideration for uncertainty in fact and law; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of litigation involved, and the expense, inconvenience and delay necessarily attending it; (4) the paramount interest of the

creditors with a proper deference to their reasonable views in the premises; and (5) the extent to which the settlement is the product of arms-length bargaining and not of fraud or collusion. *See Jackson Brewing Co.*, 624 F.2d at 602; *Foster Mortgage Corp.*, 68 F.3d at 917-18; *See also, In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984).

16. The above criteria support the approval of the proposed settlement. Given the facts of the case and this specific claim, the interests of the estate and its creditors are best served by settling the claims on the terms as referenced herein.

17. The Parties further aver that the compromise was negotiated in good faith, and the Trustee is satisfied that a settlement of this controversy on the conditions set forth above is in the best interests of the estate.

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully

1. That the settlement described herein by and between the Debtor, Cadle and the Trustee be approved by the Court:

2. That the Debtor be authorized to take such steps and actions detailed herein as are necessary to carry out the terms of the agreement and

3. For such other and further relief as this Court might deem just and proper.

Respectfully submitted,

/s/ Charles B. Hendricks

Charles B. Hendricks
CAVAZOS, HENDRICKS & POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, Texas 75202
(214) 748-8171
(214) 748-6750 Fax

ATTORNEY FOR TRUSTEE
JAMES W. CUNNINGHAM

### Ernest Edward Wells Compromise, Release and Settlement Agreement

This Ernest Edward Wells Compromise, Release and Settlement Agreement (the "Agreement") is entered into as of the last date signed below by the Parties hereto and is by and among The Cadle Company ("Cadle"); Ernest Edward Wells d/b/a Encore Construction, Inc. d/b/a Encore Construction ("Debtor") and James W. Cunningham in his capacity as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor (hereinafter collectively the "Parties") which estate was created by the filing of a Chapter 7 Proceeding on November 1, 2004 in the United States Bankruptcy Court for the Northern District of Texas, Bankruptcy Petition No. 04-81887-saf-7 (hereinafter the "Bankruptcy Proceeding").

Cadle is a creditor in the Bankruptcy Proceeding having filed Claim No. 1 in the amount of $452,900.97 on January 27, 2005 and an amended claim as Claim No. 2 on February 9, 2005 (the "Cadle Claims"). Cadle filed a Complaint on January 31, 2005 as Adversary Proceeding No. 05-03038-saf objecting to discharge of Debtor's debts (the "Cadle Discharge Proceeding")

1. **Payments by Debtor.** Debtor agrees that an independent third party will deposit $155,000.00 in good funds (the "$155,000 Payment"), along with the release, attached hereto as **Exhibit "A"**, (the "Release") executed by Debtor in his personal capacity and as agent for Crown Engineering and Encore Construction, Inc. in escrow with Robert Frisch, Esq. ("Frisch"), 5550 LBJ Freeway, Suite 550, Dallas, Texas 75240-6221, with instructions to deliver the funds and the Release to Cadle upon approval by the Court of this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Frisch agreed to execute the letter attached hereto as **Exhibit "B"** and return the executed document to Carole Kendall, account officer for Cadle, for purposes of reflecting Frisch's agreement to serve as escrow agent.

2. **Disposition of the Property.** Debtor agrees to sell the property located at 8305 Northwest 114th Street, Oklahoma City, Oklahoma (the "Property") and assign the proceeds directly to Cadle. Wells shall provide Cadle copies of all listing agreements and offers to purchase and contracts for sale of the Property by delivering the same to Cadle c/o Carole Kendall at 100 North Center Street, Newton Falls, Ohio 44444. Debtor further agrees to maintain sufficient homeowner's insurance and maintain all taxes current and provide proof of such compliance upon request by Cadle. Debtor shall not sell the Property for less than $130,000.00 without the prior written consent of Cadle. In the event the Property does not sell within six (6) months from the date of the Order Approving this Agreement, Debtor agrees to convey the Property to Cadle, free and clear of all liens, with the exception of the Judgment Lien previously filed and recorded by Cadle.

3. **Trustee's Disbursement.** As the largest unsecured creditor, Cadle expects to receive a disbursement by the Trustee from funds of the Bankruptcy Estate. Cadle will amend its proof of claim to reflect all payments and credits received under this Agreement. The Trustee will assign to Cadle his rights to the final judgment against Jim Gaston in Adversary No. 05-03111 in exchange for a reduction of Cadle's proof of claim in this estate in the amount of $5,000.00.

4. **The Stallion Certificates.** Debtor agrees to use his best efforts to obtain for

COMPROMISE, RELEASE AND SETTLEMENT AGREEMENT - Page 1

Cadle the Stallion Certificates for each of the horses designated on attached **Exhibit "C"**. In this respect, it is believed that the Stallion Certificates are presently being held by Ryder River Farms and Wells will make demand on such entity for delivery of the Certificates to Cadle and will forward the same to Cadle upon receipt.

5. **Dismissal of the Foreclosure Proceeding and Bankruptcy Proceeding.** Upon receipt of the $155,000 Payment, the Release executed by Wells, and an Order Approving this Agreement, Cadle agrees to file a Motion to Dismiss the Cadle Discharge. Additionally, the Trustee has already dismissed Adversary Proceeding No. 05-03111, now pending in the Bankruptcy Proceeding, as to Debtor.

6. **Debtor's Guarantee of $325,000.00 to Cadle.** In the event that the total amount of funds received by Cadle as a result of this Agreement is ultimately in excess of $325,000.00, any such amounts over this figure will be returned by Cadle to the Debtor. If total payments received by Cadle under this Agreement are less than $325,000.00, Debtor will immediately, upon demand by Cadle, transmit good funds to pay the shortfall so that Cadle is guaranteed of receiving no less than $325,000.00 pursuant to this Agreement.

7. **No Discharge of Judgment.** Cadle is the owner of a judgment (the "Judgment") entered against Debtor in Cause No. CJ-2004-3704 in the District Court of Oklahoma County, Oklahoma and an accompanying judgment lien (the "Judgment Lien") securing repayment of the Judgment and made the basis of the Oklahoma Foreclosure Proceeding. The Judgment is in the principal amount of $156,618.86 together with interest through May 4, 2004 in the sum of $274,054.13 and further interest at the rate of 10% per annum until paid. The debt represented by the Judgment is not discharged in this Bankruptcy Proceeding.

8. **Release of Judgment and Judgment Lien and Dismissal of Foreclosure Proceeding.** Upon receipt of the $325,000.00 as set forth in Paragraph 6, Cadle will provide Debtor a Satisfaction and Release of the Judgment and Release of Judgment Lien (the "Release") along with a release of judgment and judgment lien in Cause No. 93-06677-L in the 193rd Judicial District Court of Dallas County, Texas (the "State Court Proceeding"), to be recorded in Dallas County, Rockwall County Harris County, Texas along with a Release, and will dismiss, without prejudice, the foreclosure proceeding now pending as Cause No. 04-1069 in the United States District Court for the Western District of Oklahoma.

9. **Bankruptcy Court Approval Required/Closing.** This Agreement is subject to approval of the Bankruptcy Court with jurisdiction of the Bankruptcy Proceeding. The Trustee, the Debtor, and Cadle, each agree to take all necessary steps to obtain approval of this Agreement from the bankruptcy court. The Motion shall be served on all creditors of the Debtor's estate and all other Parties in interest in the Bankruptcy Proceeding as required by the Bankruptcy Rules. The Bankruptcy Court must approve this Agreement in the Bankruptcy Proceeding, and enter a final order which must become, a no longer appealable order approving this Agreement and authorizing the Parties, to carry out the terms of the Agreement, including, but not limited to signing this Agreement and giving the releases stated herein.

10. **Representations and Warranties.** Upon approval by the Bankruptcy Court in

COMPROMISE, RELEASE AND SETTLEMENT AGREEMENT - Page 2

the Bankruptcy Proceeding, the Parties hereby warrant and represent, each to the others, that this Agreement has been duly authorized, executed and delivered, and that each Party has full power and authority to enter into and perform under this Agreement. Further, the signatories to this Agreement certify and warrant their authority to sign on behalf of the respective Parties to bind the Party for whom such person acts.

11.  **No Admission of Liability.** This Agreement is made to compromise, terminate and to constitute an accord and satisfaction of the claims released by this Agreement and the Parties do not admit any liability, fault or wrongdoing of any nature or kind whatsoever and each party expressly denies and disclaims any liability, fault or wrongdoing alleged, or which could have been alleged, in the Bankruptcy Proceeding or the Adversary Proceeding.

12.  **Miscellaneous Provisions.**

A.  It is understood and agreed that all agreements and understandings by and between the Parties to this Agreement with regard to the subjects covered in this Agreement are expressly embodied in this Agreement and that this Agreement supercedes any and all prior agreements, arrangements or understandings, including, without limitation, any written or oral statements or understandings, between the Parties relating to the Adversary Proceeding, the settlement of the Parties' disputes and/or the claims released pursuant to this Agreement or any matters related thereto. The Parties acknowledge and agree that the terms of this Agreement are contractual and not mere recitals.

B.  The Parties acknowledge that they have read this Agreement, understand its terms, and that this Agreement is entered into voluntarily, without duress, and with full knowledge of its legal significance.

C.  This Agreement may not be modified in any manner, nor may any rights provided for herein be waived, except by an instrument in writing signed by the party against whom the modification or waiver is asserted.

D.  This Agreement shall be binding upon and shall insure to the benefit of the Parties and their respective successors, assigns, privies, bankruptcy estates, creditors and other entities in privy with or bound by the Trustee.

E.  Should any term or any provision of this Agreement be declared invalid by a court of competent jurisdiction, the Parties agree that all other terms of this Agreement are binding and have full force and effect as if the invalid portion had not been included.

F.  The Parties represent and warrant that no party has been induced to enter this Agreement by and no party is entering into this Agreement in reliance on any statement, action or representation of any kind or character made any other person, party or any of the Released Parties or the person or persons representing them, except as expressly set forth in this Agreement.

G.  It is understood and agreed that this Agreement may be executed in a number of identical counterparts, each of which shall be deemed an original for all purposes.

H.  The headings contained in this Agreement are for convenience and reference only and in no way define, describe, extend or limit the scope or intent of this Agreement or its provisions.

I.  This Agreement shall be construed in accordance with the laws of the State of Texas. The Parties acknowledge and agree that this Agreement is made and is performable in Dallas County, Texas.

J.  It is mutually agreed that this Agreement was jointly prepared by the Parties, and, accordingly, no provision of the Agreement shall be construed against any party by reason of a particular party having been deemed to have prepared or drafted this Agreement.

IN WITNESS WHEREOF, this Agreement has been executed by the Parties as of the last date signed below by the Parties.

THE CADLE COMPANY

By: _____
Its: _____


_____
James W. Cunningham, Trustee


_____
Ernest Edward Wells d/b/a Encore Construction
Debtor


Encore Construction, Inc.

By: _____
Its: _____


COMPROMISE, RELEASE AND SETTLEMENT AGREEMENT - Page 4

STATE OF OHIO § 
§ 
COUNTY OF TRUMBULL §

   BEFORE ME, the undersigned authority, on this day personally appeared _____, who on his/her oath did depose and state that he/she has read and understands the foregoing Agreement and that he/she has executed this Agreement with the full authority of The Cadle Company and for the purposes and consideration therein stated."

   GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2005.

                       _____
                        Notary Public in and for
                        the State of Ohio

STATE OF TEXAS § 
§ 
COUNTY OF DALLAS §

   BEFORE ME, the undersigned authority, on this day personally appeared James W. Cunningham, Trustee who on his oath did depose and state that he is the duly appointed Trustee in Cause No. 04-81887-saf-7 pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, that he has read and understand the foregoing Agreement, and that he is fully authorized to execute this Agreement and has executed the same for the purposes and consideration therein stated.

   GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2005.

                        _____
                        Notary Public in and for
                        the State of Texas

STATE OF TEXAS §

COMPROMISE, RELEASE AND SETTLEMENT AGREEMENT - Page 5

COUNTY OF DALLAS § §

BEFORE ME, the undersigned authority, on this day personally appeared Ernest E. Wells d/b/a Encore Construction, known to me to be the person whose name is subscribed to the foregoing instrument, who upon being by me first duly sworn, upon his oath deposed and state that he has read and understands the foregoing Agreement, that he has authority to execute it on behalf of _____, and that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2005.

Notary Public in and for
the State of Texas

STATE OF TEXAS § §
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared Ernest Edward Wells who on his oath did state that he is full authorized to the execute the foregoing Agreement on behalf of Encore Construction, Inc. and that such is executed with the full authority of Wells Construction, Inc., that he has read and understands the foregoing Agreement, and that he has executed the same for the purposes and consideration therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2005.

Notary Public in and for
the State of Texas